It is, therefore, adjudged 'and decreed, that this appeal be dismissed, with costs.

BERSHEIM<br>v.<br>HUDSON.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

THOMAS MASKELL v. WM. F. HAILEIGH, Sheriff, et als.

Art. 620, C. P., which requires the decree of the Supreme Court to be recorded on motion *in open Court*, is repealed by the Act of 1852, entitled "an Act relative to the power of Clerks of District Courts, the parishes of Orleans and Jefferson excepted;" which confers upon the Clerks of District Courts, power "to receive, file and record all mandates and decrees rendered by the Supreme Court in causes taken up by appeal from their respective Courts, and to issue all legal process under such mandates and decrees of the Supreme Court.

The position is inadmissable that the formula "ne varietur" on a note, makes the equities between the original parties binding on the endorsees.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Maskell*, for plaintiff and appellant. *T. H. Lewis & Olivier*, for defendants.

BUCHANAN, J. In April, 1852, *Mrs. Elizabeth Moncure*, wife of *Paul Pecquet*, assisted by her husband, sued out a writ of seizure and sale upon an act importing a confession of judgment, against *Thomas Maskell*. *Maskell* appealed from this order of seizure and sale to this Court, and there was judgment affirming that of the Court below, at the September term, 1852. The mandate of the Supreme Court was filed in the Clerk's office of the District Court, on the 26th October, 1852, and on the same day an alias writ of seizure and sale was issued from the said Court. The present suit was then commenced by *Maskell* for the purpose of enjoining the execution, and an injunction was accordingly granted.

After hearing, the District Court rendered judgment dissolving the injunction, and condemning the plaintiff and his two securities on the injunction bond, jointly and severally, to pay fifteen per cent. on the amount of the judgment enjoined, as damages. From this judgment the plaintiff has appealed.

The grounds assumed in the petition in support of the injunction, are as follows :

1. That the mandate of the Supreme Court has not in open Court been ordered to be filed and carried into effect, as required by law, and all the proceedings have not been duly recorded.

2. That no legal donation has ever been made of the note sued upon, to the party who sued out the executory process.

3. That the note is marked "ne varietur," and consequently all equities between the original parties are subject to be offered against the endorsee.

4. That a suit is now (October, 1852,) pending in the same Court, in which the same matters are in contestation, undecided.

5. That the original creditor, payee of the note, promised that the payment of the same should not be enforced during his natural life.

The first of these grounds is based on Article 620 of the Code of Practice, which required the decree of the Supreme Court to be recorded, upon motion to that effect made in *open Court*, before execution could be issued thereupon.

This article has been repealed by the Act of 1852, No. 305 ; of which the 4th section (Session Acts, page 207,) confers upon the Clerks of District Courts

MASKELL
v.
HAIFLEIGH.

the power "to receive, file and record all mandates and decrees rendered by the Supreme Court in causes taken up by appeal from their respective Courts, and to issue all legal process under such mandates and decrees of the Supreme Court."

The second ground was considered and overruled by our predecessors, upon the previous appeal; as appears from the opinion in evidence.

The third ground seems to be connected with the fifth. And even supposing that the formula "ne varietur" is to be considered as having the meaning and effect which the plaintiff desires to attach to it—a doctrine entirely inadmissible—yet there does not appear to have been even an attempt to prove such a promise, as is alleged in the fifth ground.

Upon the fourth ground for injunction, it is sufficient to observe that the suit alluded to is given in evidence, and that we cannot perceive any connection between the matters involved in that suit, and the present one.

We conclude with the Judge of the District Court, that this injunction rests upon no legal foundation, and that this is a proper case for the infliction of heavy damages under the Act of 1831.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.